### E. W. Smith, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

EVIDENCE—*when proof of custom incompetent.* Proof of a custom is improper if it does not tend to prove any material fact in controversy.

Action commenced before justice of the peace. Appeal from the Circuit Court of Lawrence county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1909. Reversed and remanded. Opinion filed June 15, 1909.

CONGER & CONGER and GEE & BARNES, for appellant; L. J. HACKNEY, of counsel.

W. F. FOSTER, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is an action brought before justice of the peace by the appellee against the appellant to recover the value of 20,220 pounds of coal, alleged to have been taken by appellant from a car while in transit over its railroad under consignment to appellee at Lawrenceville, Illinois. The justice of peace rendered judgment in favor of plaintiff from which the defendant appealed to the Circuit Court, where a trial by

jury was had, resulting in a verdict and judgment for the plaintiff, from which the defendant appealed to this court.

Exceptions were preserved and errors duly assigned by which this court may consider the complaint of appellant, that the trial court erred in the admission of evidence and in rendering a judgment on the verdict.

It is first contended that the verdict is unsupported by the evidence. Upon examination of the record we find that this contention must prevail. The evidence is meager, as to important details in the transaction, upon which appellee bases his right to recover, and fails wholly to establish any liability on the part of the appellant. There is evidence that appellee ordered a car of coal from brokers in Vincennes, Indiana, to be shipped from some mine in Illinois to appellee at Lawrenceville, Illinois, that appellee paid for 80,000 pounds of coal, and that a car of coal which contained only 59,780 pounds was delivered by appellant to appellee. It does not appear from what point the car of coal was shipped, nor by whom. There is no evidence whatever that more coal was shipped, or delivered to the appellant, than was delivered to and received by appellee. There is not even proof that the car of coal ordered and paid for by appellee was the same which he afterwards received. Appellee introduced evidence, which was admitted over appellant's objection, to prove that it was the custom of appellant's servants to coal the engines from shippers' cars in transit over the road. The court erred in admitting this evidence. The testimony was irrelevant and improper and did not tend to prove any material fact in controversy. For the errors indicated, the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*